STATE OF WEST VIRGINIA

FILED

September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHAD E. DANIELS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0599**  (BOR Appeal No. 2047927)
(Claim No. 2008011852)

**ROCKHOUSE CREEK DEVELOPMENT, LLC,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Chad E. Daniels, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockhouse Creek Development, LLC, by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2013, in which the Board affirmed a November 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 13, 2011, decision granting Mr. Daniels a 7% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Daniels injured his lower back on September 5, 2007, while carrying fire extinguishers. The claim was held compensable, and he received a 13% permanent partial disability award for his compensable injury. Following the initial permanent partial disability award, Brett Osborn, D.O., performed an L5-S1 laminectomy and discectomy, placed PEEK cages at L5-S1, and placed pedicle screws at L5-S1 on January 26, 2010.

1

On November 2, 2010, Prasadarao Mukkamala, M.D., performed an independent medical evaluation and after placing Mr. Daniels in lumbar category IV of West Virginia Code of State Rules § 85-20-Table C (2006), found that Mr. Daniels sustained 20% whole person impairment as a result of the September 5, 2007, injury. On January 13, 2011, the claims administrator granted Mr. Daniels an additional 7% permanent partial disability award based on Dr. Mukkamala's independent medical evaluation.

Bruce Guberman, M.D., performed an independent medical evaluation on August 16, 2011. He determined that radiculopathy, muscle atrophy, and a loss of reflexes were present in Mr. Daniels's left lower extremity, and therefore placed him in lumbar category V of West Virginia Code of State Rules § 85-20-Table C. He then opined that Mr. Daniels sustained 25% whole person impairment as a result of the September 5, 2007, injury. Paul Bachwitt, M.D., performed an independent medical evaluation on June 29, 2012. He placed Mr. Daniels in lumbar category IV of West Virginia Code of State Rules § 85-20-Table C and found that Mr. Daniels sustained 20% whole person impairment as a result of the September 5, 2007, injury. He opined that Dr. Guberman improperly placed Mr. Daniels in lumbar category V of West Virginia Code of State Rules § 85-20-Table C, and stated that at the time of his examination there was no evidence of radiculopathy or muscle atrophy.

In its Order affirming the January 13, 2011, claims administrator's decision, the Office of Judges held that the claims administrator properly granted Mr. Daniels a 7% permanent partial disability award. Mr. Daniels disputes this finding and asserts that he is entitled to a 25% permanent partial disability award for the injuries sustained on September 5, 2007, per the opinion of Dr. Guberman.

The Office of Judges found that Dr. Guberman is the only physician of record to find atrophy or loss of reflexes in the lower extremities, as well as the only physician to find evidence of radiculopathy. The Office of Judges noted that the evidentiary record contains numerous reports from Mr. Daniels's treating physicians, including his surgeon, and found that none of these reports indicate that muscle atrophy or reflex diminishment is present in the lower extremities. The Office of Judges then found that Dr. Guberman's placement of Mr. Daniels in lumbar category V of West Virginia Code of State Rules § 85-20-Table C is not well supported by the evidence of record. Therefore, the Office of Judges found that Dr. Mukkamala's and Dr. Bachwitt's reports placing Mr. Daniels in lumbar category IV of West Virginia Code of State Rules § 85-20-Table C are more persuasive than the report of Dr. Guberman. The Board of Review reached the same reasoned conclusions in its decision of May 20, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II